UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF KENSUKE TANAKA | Case No.   26-mc-80044-EJD |
| | **GRANTING IN PART APPLICATION FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |
| | Re: ECF No. 1 |

Before the Court is Kensuke Tanaka's ("Applicant") *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to authorize discovery for use in a foreign proceeding ("Application").  Appl., ECF No. 1.  Specifically, Applicant seeks discovery from Google LLC ("Google") for use in a foreign civil lawsuit in the Tokyo District Court in Japan ("Tribunal").  *Id.* at 2.  For the reasons stated below, the Application is **GRANTED IN PART** and **DENIED IN PART**.

I.    **BACKGROUND**

Applicant is the founder and representative director of C2Praparat Co., Ltd., the Japanese company that created the online browser game Kantai Collection.  Appl. at 1.  Applicant alleges that two anonymous users ("Anonymous Users") posted defamatory content about Applicant on X (formerly known as Twitter).  Appl. at 3.  Applicant filed two lawsuits against Anonymous Users in Tokyo's District Court ("Civil Cases").  *Id.*  In September 2024 and July 2025, that court found the posts to be defamatory and ordered X to disclose information identifying the Anonymous Users.  *Id*; Decl. of Ayuko Hashimoto ¶¶ 4–5, 7–8 ("Hashimoto Decl."), ECF No. 1-2.  X provided the Anonymous Users' Google email ("Gmail") addresses, but Applicant has been

Case No.: 26-mc-80044-EJD
ORDER GRANTING IN PART APPLICATION FOR DISCOVERY
1

unable to determine the true identity of the Anonymous Users, preventing the Applicant from serving the Anonymous Users or otherwise proceeding with the Civil Cases.  Appl. at 3; Hashimoto Decl. ¶ 15.

To proceed with the Civil Cases, Applicant requests a subpoena demanding that Google produce the following information associated with each of the two Anonymous Users:

> (1) ALL DOCUMENTS showing the following information ever registered [with both accounts]:
>> (i) ALL names, addresses, e-mail addresses (including email addresses used for recovery or other purposes), and telephone numbers;
>> (ii) ALL names, telephone numbers and addresses (including billing and shipping addresses, and postal codes) of ALL payment methods registered to ACCOUNT 1, including but not limited to credit cards (but not the credit card number, expiration date, or card validation code) and bank accounts, and the name of the company or financial institution associated with each such payment method.
>
> (2) ALL DOCUMENTS showing the following information as of the date that ACCOUNT 1 created, and for the three-month period immediately preceding March 19, 2023[,] and until the date that you respond to this request: ALL access log information (IP addresses, corresponding port numbers, corresponding dates and times, access type, and corresponding destination IP addresses) of ACCOUNT 1.
>
> (3) ALL DOCUMENTS showing the following information as of the date that ACCOUNT 2 was created, and for the three-month period immediately preceding August 5, 2024[,] and until the date that you respond to this request: ALL access log information (IP addresses, corresponding port numbers, corresponding dates and times, access type, and corresponding destination IP addresses) of ACCOUNT 2.

Appl. Attachment at 1.

## II.    LEGAL STANDARD

Title 28 United States Code § 1782(a) permits federal district courts to assist in gathering evidence for use in foreign proceedings.  28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  The statute specifically authorizes a district court to order a person residing or found within the district "to . . . produce a document or other thing for use in a proceeding in a foreign or international tribunal."  28 U.S.C. § 1782(a).  The statute may be invoked where: (1) the person from whom discovery is sought resides in the district in which the application is made; (2) the discovery sought is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or "any interested person."  *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

Case No.: 26-mc-80044-EJD
ORDER GRANTING IN PART APPLICATION FOR DISCOVERY

United States District Court
Northern District of California

In addition to the statutory requirements, the district court still retains "substantial discretion to permit or deny the requested discovery." *Khrapunov*, 931 F.3d at 926. In *Intel Corp.*, the Supreme Court laid out a non-exhaustive list of factors for courts to consider in ruling on a § 1782(a) application. *Intel Corp*, 542 U.S. at 264. They include: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or of the United States; and (4) whether the request is unduly burdensome or intrusive. *Id.* at 264–66.

## III. DISCUSSION

### A. Statutory Requirements

Applicant has satisfied the three statutory requirements of § 1782(a). First, the residence requirement is met because Google's principal office is in this district. Appl. at 6; *see, e.g.*, *In re Todo*, No. 5:22-mc-80248-EJD, 2022 WL 4775893, at *2 (N.D. Cal. Sept. 30, 2022) ("In this district, business entities are 'found' where the business is incorporated, is headquartered, or where it has a principal place of business.") (collecting cases); *In re Kim*, No. 5:24-mc-80152-EJD, 2024 WL 3297071, at *2 (N.D. Cal. July 2, 2024) (Google met residence requirement under 28. U.S.C. § 1782(a) because Google's principal office is in Mountain View). Second, the discovery is sought for use in foreign proceedings, as Applicant is litigating the Civil Cases in the Tribunal. Appl. at 6. Third, Applicant is an "interested person" in the foreign proceedings, as Applicant is the plaintiff in the Civil Case in the Tribunal. Appl. at 3–4; *see Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the interested persons who may invoke § 1782") (quotation marks and alterations omitted).

Based on the foregoing, the Court finds that the Application satisfies the statutory requirements to warrant an order pursuant to § 1782.

Case No.: 26-mc-80044-EJD
ORDER GRANTING IN PART APPLICATION FOR DISCOVERY
3

**B.      Discretionary *Intel* Factors**

Although the application satisfies the statutory requirements, the Court must also determine whether judicial assistance is appropriate by considering the *Intel* factors.

**1.      Participation of the Target in the Foreign Proceeding**

The first discretionary *Intel* factor considers whether the discovery target is or will become a participant in the foreign proceeding.  The relevant inquiry is "whether the foreign tribunal has the authority to order an entity to produce the . . . evidence."  *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016); *see also In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) ("[T]he first *Intel* factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity." (internal quotation marks and citation omitted)).

Here, Google is not and will not become a party in the Tribunal proceedings.  Appl. at 7; Hashimoto Decl. ¶ 17.  Thus, the Tribunal would not be able to compel Google to produce the discovery without the aid of § 1782.  In circumstances such as these, the "need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence."  *In re Med. Corp. Takeuchi Dental Clinic*, No. 22-mc-80077-VKD, 2022 WL 1803373, at *3 (N.D. Cal. June 2, 2022), *report and recommendation adopted sub nom. Med. Corp. v. Google, LLC*, No. 22-mc-80077-HSG (N.D. Cal. July 22, 2022) (citing *Intel*, 542 U.S. at 264).  Accordingly, the first *Intel* factor weighs in favor of granting the Application.

**2.      Receptivity of Foreign Tribunal to U.S. Judicial Assistance**

The second *Intel* factor, which considers the receptivity of the foreign government, court, or agency to U.S. federal-court judicial assistance, also favors granting the Application. To evaluate this factor, courts focus on the utility of the evidence sought and whether the foreign tribunal is likely to receive the evidence.  *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040.  Where there is no evidence or case law suggesting that the Tribunal would be unreceptive to the

Case No.: 26-mc-80044-EJD
ORDER GRANTING IN PART APPLICATION FOR DISCOVERY
4

discovery sought, courts "err on the side of permitting discovery." *In re Varian*, 2016 WL 1161568, at *4.

Here, the Court is unaware of any evidence that the Tribunal would reject evidence obtained via § 1782. Appl. at 8. And courts in this district have previously issued orders pursuant to § 1782 to authorize discovery for use in proceedings in Japan. *See, e.g., In re Med. Corp. H&S*, No. 19-MC-80058-VKD, 2019 WL 1230440, at *3 (N.D. Cal. Mar. 15, 2019). In the absence of evidence that Japanese courts would object to Applicant's discovery of the information sought in the subpoena, or that they object more generally to the judicial assistance of U.S. federal courts, the Court concludes that this factor weighs in favor of authorizing service of the subpoena.

### 3.    Circumvention of Proof-Gathering Restrictions

The third *Intel* factor considers whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 264–65. This factor also weighs in favor of granting the Application. "Courts have found that this factor weighs in favor of discovery where there is 'nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions.'" *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (alteration in original) (quoting *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014)).

Here, Applicant's counsel has represented that Applicant is not attempting to circumvent any foreign proof-gathering restrictions or other policies of Japan or the United States of America. Hashimoto Decl. ¶ 20. The Court finds no reason to doubt Applicant's counsel's representations. Consequently, the third *Intel* factor weighs in favor of granting the Application.

### 4.    Unduly Intrusive or Burdensome

The fourth factor that the Court must consider is whether the requested discovery is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Courts have found that requests are unduly intrusive or burdensome "where they are not narrowly tailored" and "appear to be a broad 'fishing expedition' for irrelevant information." *In re Qualcomm Inc.*, 162 F. Supp. 3d at

Case No.: 26-mc-80044-EJD
ORDER GRANTING IN PART APPLICATION FOR DISCOVERY
5

United States District Court
Northern District of California

1043.

Here, Applicant's proposed subpoena seeks documents sufficient to show personally identifying information, including names, addresses, e-mail addresses, and telephone numbers associated with the accounts of the Anonymous Users. Appl. Attachment at 1–2. Applicant also requests access log information (including IP addresses, port numbers, dates and times of access, access type, and corresponding destination IP addresses) from the Anonymous Users' accounts. *Id.* Applicant seeks log information from Account 1 for the period spanning from three months before March 19, 2023, until the date Google responds to the request, and from Account 2 for the period spanning from three months before August 5, 2024, until the date Google responds to the request. *Id.* This information is stored by Google in the ordinary course of its business. Hashimoto Decl. ¶ 22.

The Court finds that the content of the proposed subpoena is narrowly tailored only to seek documents "sufficient to show" the identifying information associated with the Google accounts in question, as compared to a request seeking "all documents" relating to the accounts. *In re Kim*, 2024 WL 397071, at *3 (citing *In re Plan & Dev of Educ., Inc.*, No. 21-mc-80242-JCS, 2022 WL 228307, at *5 (N.D. Cal. Jan. 26, 2022)). But the Court has concerns about the duration of the proposed subpoena, which seeks more than three years' worth of data related to Account 1 and more than two years' worth of data related to Account 2. Appl. Attachment at 1–2. Applicant claims that the duration is justified because "(i) [Google] does not record a complete access log for all communications, (ii) [Google] only keeps the access log for a short period of time (usually three to six months); and (iii) a tortfeasor can use special anonymization computer programs to prevent the victim from identifying the tortfeasor through the use of the access log." Hashimoto Decl. ¶ 24(t). Without more information, the Court is unable to assess whether such a request is unduly intrusive or burdensome. The Court will thus permit Applicant to serve a subpoena for these documents, subject to a motion to quash or modify the subpoena.

Applicant's proposed subpoena also seeks all names, telephone numbers, and billing and shipping addresses registered to the Anonymous Users' accounts, including credit cards (though

Case No.: 26-mc-80044-EJD
ORDER GRANTING IN PART APPLICATION FOR DISCOVERY
6

not the credit card number, expiration date, or validation code) and bank accounts, and the name of the company or financial institution associated with each payment method.  Appl. Attachment at 1–2.

With one small caveat, the Court finds that this request is sufficiently narrowly tailored, as well.  The subpoena only seeks the disclosure of names, telephone numbers, and addresses of the people whose credit cards and bank accounts are associated with these accounts.  *Id.* at 1–2.  It does not seek the credit card's number, expiration date, or validation code.  Courts in this district have granted similar requests in the past.  *See, e.g, In re Med. Corp. Seishinkai*, No. 21-MC-80160-SVK, 2021 WL 3514072, at *5 (N.D. Cal. Aug. 10, 2021) (allowing a subpoena disclosing the names, telephone numbers, and addresses of the people whose credit card and bank account were associated with the account in question); *In re Med. Corp. H&S*, 2019 WL 1230440, at *4 (same).  The subpoena does not, however, specify whether Applicant may seek the bank account number.  The bank account number is not necessary to identify the Anonymous Users.  Thus, Applicant may seek the name, telephone number, and address of the people whose credit cards and bank accounts are associated with the Anonymous Users' accounts, but Applicant may not obtain any other credit card or bank account information.  With this modification, Applicant may serve the subpoena on Google.

## IV.  CONCLUSION

The Application meets the statutory criteria for an order authorizing service of the proposed subpoena.  In addition, the *Intel* factors favor authorizing service of the subpoena as modified in accordance with the Court's instructions above.  *See* supra Part III.B.4.

Consequently, the § 1782 Application is **GRANTED IN PART** and **DENIED IN PART**.  Applicant may serve an amended subpoena on Google, which clarifies that bank account numbers are not requested, along with the following requirements:

1. Applicant shall SERVE a copy of this Order on Google with the proposed subpoena;

2. No later than 10 days after service of the subpoena, Google shall NOTIFY all account users whose personally identifying information is affected by the subpoena that their

Case No.: 26-mc-80044-EJD
ORDER GRANTING IN PART APPLICATION FOR DISCOVERY

United States District Court
Northern District of California

identifying information is being sought by Applicant and provide a copy of this Order to each account user;

3. Google shall use all means of communications associated with the Google accounts to contact and notify the affected individuals of the subpoena;

4. Google and each account user whose information is sought may file—no later than thirty days after service or notice—a motion to quash or modify the subpoena before this Court;

5. Any account user seeking to quash or modify the subpoena may appear and proceed before this Court under a pseudonym;

6. If any party disputes the subpoena, Google SHALL PRESERVE BUT NOT DISCLOSE the information sought by the subpoena pending resolution of that dispute;

7. This Order is WITHOUT PREJUDICE to any argument that may be raised in a motion to quash or modify the subpoena from Google or any account users.

**IT IS SO ORDERED.**

Dated: June 30, 2026

EDWARD J. DAVILA
United States District Judge

Case No.: 26-mc-80044-EJD
ORDER GRANTING IN PART APPLICATION FOR DISCOVERY
8

United States District Court
Northern District of California